UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STOUFFER, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:18-CV-0591-G |
| J.P. MORGAN-CHASE BANK N.A., | ) | |
| d/b/a CHASE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant JPMorgan Chase Bank, N.A., ("Chase")[*] to dismiss the claims of the plaintiffs John Stouffer and Nancy Stouffer (collectively, "the Stouffers") (docket entry 30). For the reasons stated below, the motion is granted.

### I. BACKGROUND

This court's memorandum opinion and order of December 12, 2018, granting Chase's motion to dismiss the Stouffers' claims (1) pursuant to the Texas

---

[*] The plaintiffs incorrectly named JPMorgan Chase Bank, N.A., as J.P. Morgan-Chase Bank, N.A. d/b/a Chase. Defendant's Motion to Dismiss (docket entry 30) at 1.

Constitution with prejudice and (2) to quiet title without prejudice with leave to replead, with more particularity, contains a detailed discussion of the facts of this case. *See generally* Memorandum Opinion and Order (docket entry 26). On January 9, 2019, the Stouffers amended their complaint. *See generally* Plaintiff's [sic] First Amended Original Complaint (docket entry 29). On January 23, 2019, Chase filed a second motion to dismiss the Stouffers' claims against them on the ground that the Stouffers have failed to state a cognizable claim pursuant to FED. R. CIV. P. 12(b)(6). *See generally* Defendant's Brief in Support of its Motion to Dismiss (docket entry 31). The Stouffers did not respond to the motion.

## II. ANALYSIS

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The

court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible." See *id*. at 679, 683.

The thrust of the motion is that the Stouffers have failed to state a claim upon which this court could grant them relief. The court concludes that Chase has shown that the Stouffers could prove no set of facts in support of their claims that would entitle them to relief. Accordingly, the motion is granted.

### III. CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED**. Judgment will be entered for the defendant.

**SO ORDERED.**

February 19, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**